# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT    ☒ INFORMATION    ☐ INDICTMENT    ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy to Commit Commercial Bribery

☐ Petty
☐ Minor
☒ Misdemeanor
☐ Felony

**PENALTY:** 1 Year Imprisonment;
1 Year Supervised Release;
$100,000 Fine; and
$25 Special Assessment

### DEFENDANT - U.S

▶ John Herzog

**DISTRICT COURT NUMBER**
4:25-cr-00306 MAG

## PROCEEDING

**Name of Complainant Agency, or Person (& Title, if any)**
SoEun Pipal, IRS-Criminal Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. ATTORNEY    ☐ DEFENSE

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

**Name and Office of Person Furnishing Information on this form**    Craig H. Missakian
☒ U.S. Attorney    ☐ Other U.S. Agency

**Name of Assistant U.S. Attorney (if assigned)**    Colin Sampson

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

**FILED**
Sep 30 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS    ☒ NO PROCESS*    ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance
Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

```
CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
```

FILED

Sep 30 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HERZOG, <br><br> Defendant. | Case No. 4:25-cr-00306 MAG <br><br> VIOLATION: 18 U.S.C. § 371 – Conspiracy to Commit Commercial Bribery <br><br> OAKLAND VENUE |

I N F O R M A T I O N

The United States Attorney charges:

At all times relevant to this information, unless otherwise indicated, and with all dates being approximate and all date ranges both approximate and inclusive:

<u>The Federal Alcohol Administration ("FAA") Act and Regulations</u>

1. After the ratification of the Twenty-First Amendment to the United States Constitution in 1933, the retail sale and consumption of alcoholic beverages became legal again in the United States. The Twenty-First Amendment authorized states to institute laws to control the production, distribution, and sale of alcoholic beverages within their borders. Many states, including California, opted for a so-called "three-tier system" consisting of: (i) manufacturers or importers of distilled spirits and wine ("suppliers"); (ii) wholesalers (also known as "distributors"); and (iii) retailers.

2. Congress passed the Federal Alcohol Administration Act in 1935. The Alcohol and Tobacco Tax and Trade Bureau ("TTB") was created in January of 2003, when the Bureau of Alcohol,

INFORMATION                                                      1

1  Tobacco and Firearms was reorganized under the Homeland Security Act of 2002. TTB is a bureau of
2  the United States Department of the Treasury which, among other things, regulates alcohol beverage
3  "industry members" (including any person engaged in business as a supplier or wholesaler of distilled
4  spirits, wine or malt beverages) and collects excise taxes.

       3.       The State of California's Alcoholic Beverage Control ("ABC") issues licenses to alcohol beverage suppliers, importers, warehousers, and wholesalers of alcohol beverages, among other categories.

       4.       TTB issues permits to alcohol beverage wholesalers and suppliers, among other industry members.

       5.       Under the trade practice regulations administered by TTB, alcohol beverage wholesalers and retailers are considered "trade buyers."

       6.       A subset of regulations administered by TTB, known as the "trade practice regulations," prohibit members of the alcohol beverage industry from, among other things, engaging in certain marketing practices which threaten the independence of a trade buyer or unfairly advantages that industry member over their competitors. These trade practice regulations prohibit activities that, directly or indirectly, effect control over trade buyers by causing them to purchase less of a competing product or puts the independence of a trade buyer at risk, including "commercial bribery," a practice involving an industry member offering a bribe to a trade buyer to purchase or promote a certain product to the detriment and exclusion of competing products.

Introductory Allegations

       7.       JOHN HERZOG ("HERZOG") was a resident of Los Angeles, California.

       8.       From approximately June 2018 until the present, HERZOG worked as a contractor for a producer and importer of alcoholic beverages identified as "SUPPLIER-2." During that period, HERZOG was involved in the company's sales and marketing.

       9.       DISTRIBUTOR-1 was a large national wholesaler and distributor of alcoholic beverages for on-premises consumption, such as restaurants and bars, and off-premises consumption, such as grocery or liquor stores. DISTRIBUTOR-1 was licensed by the State of California as an importer of wine and distilled spirits, and a wholesaler of the same. DISTRIBUTOR-1 also possessed one or more

INFORMATION                                                                      2

valid wholesaler permits from TTB, among other permits. DISTRIBUTOR-1 maintained several offices in California, including in the Northern District of California. For purposes of the FAA Act and its regulations, DISTRIBUTOR-1 is both an industry member and a trade buyer.

10. DISTRIBUTOR-1 distributed SUPPLIER-2's alcoholic beverage products, including in California.

11. Retailer-1 is a large national company which owns several grocery store brands, including several in California. Retailer-1A is one of those grocery brands, constituting the Western region of a large national grocery store brand owned by Retailer-1, with headquarters in Boise, Idaho. Retailer-1B is another grocery brand owned by Retailer-1, which had corporate offices in Pleasanton, California. Retailer-1B had approximately 200 stores in Northern California. For purposes of the FAA Act and its regulations, Retailer-1 and its grocery brands are trade buyers.

12. PATRICK BRIONES was a resident of Newport Beach, California. From at least 2017 until approximately June 2024, BRIONES was the lead wine buyer for Retailer-1A's approximately 300 Southern California grocery stores owned by Retailer-1.

13. INDIVIDUAL-4 was a resident of Dublin, California. From at least 2017 until approximately December 2021, INDIVIDUAL-4 was the lead alcohol buyer for Retailer-1B's over 200 grocery stores in the Northern District of California and elsewhere.

<u>Bribery Conspiracy and Scheme</u>

14. HERZOG, and others, paid bribes to BRIONES and INDIVIDUAL-4 to induce them to purchase SUPPLIER-2's alcoholic beverage products to the exclusion of other alcoholic beverage products.

15. HERZOG provided cash, designer items, flights, accommodations, and meals for INDIVIDUAL-4 and INDIVIDUAL-4's family members. Frequently, employees of DISTRIBUTOR-1, including an employee based in Alameda County, California, identified as INDIVIDUAL-3, conveyed INDIVIDUAL-4's requests for goods and services to HERZOG.

16. HERZOG used the services of a third-party vendor, identified herein as VENDOR-2, to facilitate providing some of the goods and services to INDIVIDUAL-4. VENDOR-2 was a company

INFORMATION                3

that was an approved vendor to DISTRIBUTOR-1. HERZOG directed the principal of VENDOR-2 to arrange spa visits, flights, and other goods and services for INDIVIDUAL-4.

17. HERZOG and an employee of DISTRIBUTOR-1 based in Los Angeles County, California, identified as INDIVIDUAL-2, arranged for prepaid American Express gift cards worth thousands of dollars, a designer bag, and other valuable goods and services to be provided to BRIONES. HERZOG mailed gift cards and a designer bag to INDIVIDUAL-2's home address and communicated with INDIVIDUAL-2 by text message about the bribes and BRIONES's purchases of SUPPLIER-2's alcohol beverage products.

### Overt Acts

18. On August 8, 2020, INDIVIDUAL-4 suggested to HERZOG by text message: "One thing that has been on my wish list is a[n exercise] bike.[. . . [INDIVIDUAL-3]] just got one too." HERZOG and INDIVIDUAL-4 then discussed INDIVIDUAL-4's shoe size and preferred options, and INDIVIDUAL-4 responded "if you are going to get for my bday…then maybe put my personal email address in for the subscription." Days later, INDIVIDUAL-4 asked "Did u really order?" and "Do u have an email or order #?" HERZOG purchased the exercise bicycle for approximately $2,000. On September 18, 2020, INDIVIDUAL-4 confirmed with a photograph to HERZOG that she received the exercise bicycle. On or about February 23, 2021, INDIVIDUAL-4 sent a HERZOG a photograph of a display containing SUPPLIER-2 wines at a Retailer-1B store.

19. On or about August 27, 2020, INDIVIDUAL-2, by text message, sent to HERZOG an image of Retailer-1A store shelves containing SUPPLIER-2 wines and stated "Pat [BRIONES] hooked us up" and "Pat [BRIONES] was here this morning helping get it set and make sure you were taken care of."

20. On or about October 5, 2020, by text message, INDIVIDUAL-2 asked HERZOG, "[h]ey buddy, was that stuff still coming for Pat [BRIONES]?" HERZOG responded by text message "[d]id u not get it from AMEX?" HERZOG later provided at least $2,000 in prepaid American Express cards to INDIVIDUAL-2 to provide to BRIONES.

21. On or about August 29, 2022, INDIVIDUAL-2, by text message, sent to HERZOG an image of a Retailer-1A wine planner containing, among others, SUPPLIER-2's alcohol products.

INFORMATION                                4

HERZOG responded "Is the planner out yet? Is it all stores?" INDIVIDUAL-2 responded to HERZOG "Yes need to take care of our friend."

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit Commercial Bribery)

22. Paragraphs 1 through 21 above are incorporated and realleged as if fully set forth here.

23. From at least on or about March 13, 2019, and continuing until at least August 21, 2021, in the Northern District of California, and elsewhere, the defendant,

JOHN HERZOG,

and others, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree with one another and with other persons to commit commercial bribery, in violation of 27 U.S.C. § 205(c), by providing on behalf of SUPPLIER-2, directly and through employees of DISTRIBUTOR-1, bribes to employees of alcohol retailers, specifically PATRICK BRIONES, and INDIVIDUAL-4, thereby placing Retailer-1A and Retailer-1B's independence at risk and causing the exclusion of other alcohol products.

All in violation of Title 18, United States Code, Section 371.

CRAIG H. MISSAKIAN
United States Attorney

Dated: September 29, 2025

*/s/ Colin Sampson*
ALEXANDRA SHEPARD
COLIN C. SAMPSON
Assistant United States Attorneys

INFORMATION                5